McIntyre *v.* Corss.

HIRAM C. McINTYRE *v.* EBENEZER W. CORSS.

The defendant, in an action on book account, will not be allowed to offset against the plaintiff's claim a demand, which accrued in favor of a third person against the plaintiff, and in which the defendant had no *legal* interest, notwithstanding the defendant and such third person may both have expected that it would be so applied.

That services were rendered in *payment* of the plaintiff's claim implies the consent of both parties, at the time, that they should be so applied.

Payments made upon a demand in suit will be applied by the court according to the apparent intention of the parties.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff presented an account for a horse and some calves, sold by him to the defendant, which amounted, with the interest, to twenty six dollars and forty three cents. It appeared, that the plaintiff, in June, 1843, had demands in his hands, as an attorney, for collection, against one Stockwell, and, among others, a demand in favor of one Snow. These demands were put in suit and the property in question was bid off by the plaintiff at the sheriff's sale upon the executions; but it did not appear, whether it was applied on the

demand in favor of Snow. The property was then on a farm, which Stockwell occupied as tenant of the defendant, and remained there after the sale,—the plaintiff, never having taken it into his possession. The plaintiff told Stockwell and the defendant, at the time, that either of them might have the property, by paying him what he bid for it, and the interest ; and the defendant subsequently informed the plaintiff, that he should probably take the property, but that he wanted to wait and see if he could get Stockwell to pay something towards the horse, as he was to have the use of it ;—and Stockwell did agree with the defendant, that he would pay something towards the horse. In August, 1843, Snow was removing to Barnard, and engaged one Aldrich to move his goods, and requested Aldrich to see if he could not get Stockwell to go with him,—saying that Stockwell was owing him. Aldrich saw Stockwell, who said he did not know about going for Snow, but that he would go, if the plaintiff would apply it towards the horse ; and Stockwell so told the plaintiff, and the plaintiff agreed that the application might be made accordingly. This agreement was not in writing. Stockwell went twice to Barnard ; and before he went the second time, the plaintiff sent word to him, that it would be necessary for him to go again. It did not appear, that Snow had ever employed the plaintiff to move his goods. When Stockwell was at Barnard, he urged Snow to pay him some money, saying it was hard to do all on an old debt, and Snow finally paid him three dollars. The defendant, upon learning that Stockwell had paid something towards the horse, concluded to buy the property, and, on the twenty sixth day of October, 1843, purchased it of the plaintiff. At the time of the purchase the plaintiff told the defendant, that Stockwell had paid nothing, as he had other demands, on which to apply the amount due for his services, and denied, that it was ever agreed, that it should apply towards the horse. For the services thus rendered by Stockwell, amounting to sixteen dollars, the defendant claimed to be allowed in offset to the plaintiff's claim for the property sold. It appeared, that the defendant had not paid Stockwell for the services, but that he considered himself liable therefor, and that there had been no settlement between them. If the defendant's claim for this amount was allowed, the auditor reported that there was nothing due to either party, to balance book accounts between them.

After the commencement of this suit the defendant tendered to the plaintiff eight dollars, and the plaintiff received it, to apply on the suit; but it did not appear what amount of cost had then accrued in the case. The effect, which this payment should have, was referred by the auditor to the court.

The county court,—REDFIELD, J., presiding,—allowed to the defendant the balance of the eight dollars, after deducting the cost which appeared from the files in the case to have then accrued, but disallowed the claim for Stockwell's services, and rendered judgment for the plaintiff. Exceptions by defendant.

————for defendant.

*O. H. Smith* for plaintiff.

· The opinion of the court was delivered by

REDFIELD, J. We do not perceive, that the defendant has any legal claim to offset the labor of Stockwell against the plaintiff's account. The labor was performed for Snow, but at the request of the plaintiff, which, at most, would only make the plaintiff liable to Stockwell for the amount; and although Stockwell and the defendant might, at the time, have expected it to go in payment of this account, there seems to be no legal ground, on which it could be made either a ground of action, or offset, in the name of the defendant,—it being clearly a legal claim in the name of Stockwell; so that, of course, it was not a *payment*, for that implies the consent of both parties at the time.

In regard to the eight dollars, it seems to have been paid with a view to balance the three dollars paid by Snow, and the balance of interest, and the costs, which had accrued at the time of payment; and we do not see, why the application should not be made according to the intention of the parties at the time, as was done in the county court.

Judgment affirmed.